## 2016 CV 01116 HINKLE, DALE L et al -vs- HARBOR FREIGHT TOOLS et al LAD

| | | | |
|---|---|---|---|
| **Case Type** | Civil - Common Pleas | **Action:** | OTHER TORTS |
| **Case Status:** | OPEN | **Status Date:** | 04/18/2016 |
| **File Date:** | 04/18/2016 | **Case Judge:** | D'APOLITO, LOU A |
| **DCM Track:** | | **Next Event:** | |

**All Information** | Party | Docket | Financial | Receipt | Disposition

### Party Information

**HINKLE, DALE L** - PLAINTIFF

Disposition
Disp Date

Address: 2112 WICK CAMPBELL ROAD
HUBBARD, OH 44425
Phone

Alias

Party Attorney
Attorney: WEXLER, ILAN

More Party Information

**HINKLE, LINDA** - PLAINTIFF

Disposition
Disp Date

Address: 2112 WICK CAMPBELL ROAD
HUBBARD, OH 44425
Phone

Alias

Party Attorney
Attorney: WEXLER, ILAN

More Party Information

**HARBOR FREIGHT TOOLS** - DEFENDANT

Disposition
Disp Date

Address: 6000 MAHONING AVENUE
SUITE 20
YOUNGSTOWN, OH 44515
Phone

Alias

Party Attorney

More Party Information

**BADLAND WINCHES** - DEFENDANT

Disposition
Disp Date

Address: 3491 MISSIN OAKS BLVD
P.O. BOX 6009
CAMARILLO, CA 93011
Phone

Alias

Party Attorney

More Party Information

### Docket Information

| Date | Description | Docket Text | Amount Owed | Image Avail. |
|---|---|---|---|---|

**EXHIBIT A**

| Date | Description | Docket Text | Amount Owed | Image Avail. |
|---|---|---|---|---|
| 04/18/2016 | DEPOSIT RECEIVED | DEPOSIT RECEIVED<br>Attorney: WEXLER, ILAN (5859) Receipt: 346804 Date: 04/18/2016 | $60.00 | |
| 04/18/2016 | COMPLAINT FILED | COMPLAINT FILED | $25.00 | Image |
| 04/18/2016 | LEGAL AID (TOSCV) FILED | LEGAL AID (TOSCV) FILED Receipt: 346804 Date: 04/18/2016 | $26.00 | |
| 04/18/2016 | LEGAL NEWS | LEGAL NEWS Receipt: 346804 Date: 04/18/2016 | $13.00 | |
| 04/18/2016 | CLERK COMPUTERIZATION FEE (CIVIL) | CLERK COMPUTERIZATION FEE (CIVIL) Receipt: 346804 Date: 04/18/2016 | $20.00 | |
| 04/18/2016 | COURT COMPUTER RESEARCH (CIVIL) | COURT COMPUTER RESEARCH (CIVIL) Receipt: 346804 Date: 04/18/2016 | $6.00 | |
| 04/18/2016 | CV-COURT MEDIATION PROGRAM | CV-COURT MEDIATION PROGRAM Receipt: 346804 Date: 04/18/2016 | $40.00 | |
| 04/18/2016 | CV-SPECIAL PROJECTS FUND | CV-SPECIAL PROJECTS FUND Receipt: 346804 Date: 04/18/2016 | $50.00 | |
| 04/18/2016 | CV-TECHNOLOGY FUND | CV-TECHNOLOGY FUND Receipt: 346804 Date: 04/18/2016 | $10.00 | |
| 04/26/2016 | SUMMONS, COPY OF COMPLAINT | SUMMONS, COPY OF COMPLAINT MAILED BY CERTIFIED MAIL TO DEFTS AT ADDRESSES ON COMPLAINT | $4.00 | |
| 04/26/2016 | CERTIFIED MAILER NUMBER P | Issue Date: 04/26/2016<br>Service: CIVIL SUMMONS<br>Method: (CP) CERTIFIED MAIL<br>Cost Per: $0.00<br><br>HARBOR FREIGHT TOOLS<br>6000 MAHONING AVENUE<br>SUITE 20<br>YOUNGSTOWN, OH 44515<br>Tracking No: 9414726699904207083871<br><br>BADLAND WINCHES<br>3491 MISSIN OAKS BLVD<br>P.O. BOX 6009<br>CAMARILLO, CA 93011<br>Tracking No: 9414726699904207083872 | $21.24 | |
| 04/29/2016 | SUCCESSFUL SERVICE | SUCCESSFUL SERVICE<br>Method : (CP) CERTIFIED MAIL<br>Issued : 04/26/2016<br>Service : CIVIL SUMMONS<br>Served : 04/27/2016<br>Return : 04/29/2016<br>On : HARBOR FREIGHT TOOLS<br>Signed By : AMY LEWIS<br><br>Reason : (CP) SUCCESSFUL<br>Comment :<br><br>Tracking #: 9414726699904207083871 | | |
| 05/09/2016 | SUCCESSFUL SERVICE | SUCCESSFUL SERVICE<br>Method : (CP) CERTIFIED MAIL<br>Issued : 04/26/2016<br>Service : CIVIL SUMMONS | | |

| Date | Description | Docket Text | Amount Owed | Image Avail. |
|---|---|---|---|---|
| | | Served : | | |
| | | Return : 05/09/2016 | | |
| | | On : BADLAND WINCHES | | |
| | | Signed By : UNKNOWN | | |
| | | Reason : (CP) SUCCESSFUL | | |
| | | Comment : | | |
| | | Tracking #: 9414726699904207083872 | | |

## Financial Summary

| Cost Type | Amount Owed | Amount Paid | Amount Adjusted | Amount Outstanding |
|---|---|---|---|---|
| Cost | $215.24 | $165.00 | $0.00 | $50.24 |
| | $215.24 | $165.00 | $0.00 | $50.24 |

## Money on Deposit with the Court

| Account | Applied Amount |
|---|---|
| DEPOSIT RECEIVED (CP) | $0.00 |
| | $0.00 |

## Receipts

| Receipt Number | Receipt Date | Received From | Payment Amount |
|---|---|---|---|
| 346804 | 04/18/2016 | ANZELLOTTI | $225.00 |
| | | | $225.00 |

## Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|
| Undisposed | | D'APOLITO, LOU A |



IN THE COURT OF COMMON PLEAS
MAHONING COUNTY, OHIO

| | | |
|---|---|---|
| DALE L. HINKLE<br>2112 Wick Campbell Road<br>Hubbard, Ohio 44425 | ) ) ) ) | CASE NO. 16CV1116 |
| and | ) ) | JUDGE D'Apolito |
| LINDA HINKLE<br>2112 Wick Campbell Road<br>Hubbard, Ohio 44425 | ) ) ) ) | **C O M P L A I N T**<br>Other Torts |
| Plaintiffs | ) ) ) | **Jury Demand Endorsed Hereon** |
| - vs – | ) ) | |
| **HARBOR FREIGHT TOOLS**<br>6000 Mahoning Avenue, Ste. 20<br>Youngstown, Ohio 44515 | ) ) ) ) | |
| and | ) ) | |
| **BADLAND WINCHES**<br>3491 Mission Oaks Blvd.<br>P. O. Box 6009<br>Camarillo, California 93011 | ) ) ) ) ) | |
| Defendants | ) | |

Now comes Plaintiffs, DALE L. HINKLE and LINDA HINKLE, by and through counsel, and for their causes of action states the following:

1. At all times relevant, Plaintiffs DALE L. HINKLE were residents of the City of Hubbard, Trumbull County, Ohio.

2. At all times relevant, Defendants BADLAND WINCHES and/or HARBOR FREIGHT TOOLS designed, manufactured, produced, assembled, supplied,



2016 CV
01116
00047168246

sold, repaired, and/or distributed a winch known as BADLAND WINCHES, Item #61297.

3. At all times relevant, HARBOR FREIGHT TOOLS was and is a corporation contracting and doing business in the state of Ohio.

4. Defendants BADLAND WINCHES and/or HARBOR FREIGHT TOOLS, including any successor and/or predecessor companies thereto, at all times relevant, engaged in the design, manufacture, production, assembly, testing, marketing, distribution, supply, sale, and/or repair of the BADLAND WINCH, Item #61297, and placed said item for sale at HARBOR FREIGHT TOOLS, Store #00123, located at 6000 Mahoning Avenue, in Austintown Township, Mahoning County, Ohio.

5. Defendant HARBOR FREIGHT TOOLS at all material times, was a supplier of the BADLAND WINCH.

6. On January 20, 2014, Plaintiff DALE L. HINKLE purchased a BADLAND WINCH, Item #61297 from Defendant HARBOR FREIGHT TOOLS.

7. On or about April 19, 2014, Plaintiff DALE L. HINKLE, was operating the BADLAND WINCH at his home located in Trumbull County, Ohio, when it failed to operate correctly and/or as expected, causing significant, substantial, serious, and severe personal injuries to him, some of which are permanent in nature.

8. At all times relevant, Plaintiff DALE L. HINKLE was utilizing the BADLAND WINCH in a proper manner and in a manner that was reasonably and foreseeably intended.

## COUNT ONE
### (Product Liability)

9. Plaintiffs incorporates paragraphs 1 through 8 of the Complaint as if fully rewritten herein.

10. Plaintiffs brings this claim for relief against Defendants BADLAND WINCHES and/or HARBOR FREIGHT TOOLS, for product liability under Ohio Revised Code Section 2307.71 et seq., as the manufacturers of the BADLAND WINCH as this term is defined under R.C. Section 2307.71.

11. Plaintiffs brings this claim for relief against Defendant HARBOR FREIGHT TOOLS as the supplier of the BADLAND WINCH as this term is defined under R.C. Section 2307.71.

12. Defendants are liable to Plaintiffs as they were negligent in the sale of the components of the BADLAND WINCH and in failing to warn and/or otherwise instruct the purchasers and/or users of the machine's components concerning the hazards inherent in the design of the dangerous machinery comprising the BADLAND WINCH as it relates to point of instruction, operation, maintenance, and repair.

13. The components of the BADLAND WINCH, as manufactured by the manufacturing Defendants and as supplied by the supplier Defendants, were defective in manufacture and construction, were defective in design or formulation as described were defective due to inadequate warnings and instruction, and were defective because they did not conform to representations made by the manufacturer.

14. Each of the defective conditions of the BADLAND WINCH as described above were singularly and/or jointly a proximate cause of the harm for which Plaintiffs seek to recover compensatory damages as set forth below.

15. The manufacturing Defendants and the supplier Defendants were negligent in the design, manufacture, production, assembly, testing, marketing, distribution, supply, sale, and repair of the BADLAND WINCH.

16. The manufacturing Defendants and the supplier Defendants were negligent in failing to correct such defects which were known or with reasonable care should have been known to Defendants.

17. The manufacturing Defendants and the supplier Defendants were negligent in failing to warn and instruct the consumer, and in particular, Plaintiff DALE L. HINKLE, of the BADLAND WINCH'S characteristics and the foreseeable risks which were created hazards to its users during foreseeable use.

18. As a direct and proximate result of Defendants' aforementioned conduct, Plaintiff DALE L. HINKLE suffered serious injury of a personal, permanent, and pecuniary nature including, but not limited to pain suffering, mental anguish, emotional distress, loss of enjoyment of life, loss of income, and incurred medical expenses and other monetary damages now and into the future.

## COUNT TWO
### (Breach of Warranty)

19. Plaintiffs incorporate paragraphs 1 through 18 of the Complaint as if fully rewritten herein.

20. The manufacturing Defendants, and supplier Defendants, made certain express and implied warranties of safety of the BADLAND WINCH.

21. The manufacturing Defendants and supplier Defendants breached their express warranty in that the product proved to be unreasonably dangerous for its foreseeable use.

22. The manufacturing Defendants and supplier Defendants impliedly warranted the safety and fitness of the BADLAND WINCH by designing, manufacturing, assembling, distributing, and selling the machine for foreseeable use, and that the components of the machine were of suitable quality for their intended use resulting in Plaintiff's injuries.

23. Plaintiff relied upon said warranties.

24. Defendants did breach each and every one of the aforesaid warranties.

25. As a direct and proximate result of Defendants' breach of express and implied warranties, Plaintiffs suffered the damages as set forth herein.

### COUNT THREE
### (Strict Liability)

26. Plaintiffs incorporate paragraphs 1 through 25 of the Complaint as if fully rewritten herein.

27. On or about April 19, 2014, and at the time the BADLAND WINCH left the control of Defendants, it was in a condition that was unsafe, unreasonably dangerous, and defective in that:

   a. It was manufactured in such a manner that it was defective and dangerous to the user thereof, and that said product was defective and dangerous at the time it was sold;

      b.    It was manufactured with inadequate, insufficient, and improper warnings.

28. Defendants transferred and/or sold the BADLAND WINCH to Plaintiff for use in substantially the same condition in which they possessed it.

29. As a direct and proximate result of one or more of the above-mentioned unsafe, unreasonably dangerous, and defective conditions of the BADLAND WINCH, Defendants are strictly liable to Plaintiffs for the damages set forth above.

## COUNT FOUR
### (Loss of Consortium)

30. Plaintiffs incorporate and reallege each and every allegation contained in the First, Second and Third Claims for Relief as if fully rewritten herein.

31. Plaintiff LINDA HINKLE is the wife of Plaintiff DALE L. HINKLE and was his wife at the time of the April 19, 2014 incident.

32. Plaintiff LINDA HINKLE further states that as a direct and proximate result of the combined and/or individual conduct of Defendants HARBOR FREIGHT and/or BADLAND WINCH, she incurred expenses for the treatment of her husband's injuries and will continue to incur expenses for the treatment of his injuries into the future.

33. Plaintiff LINDA HINKLE further states that as a direct and proximate result of the combined and/or individual conduct of Defendants HARBOR FREIGHT and/or BADLAND WINCH, she lost the companionship, care, comfort, consortium, and services of her husband and anticipates the future loss of his companionship, care, comfort, consortium and services.

WHEREFORE, Plaintiffs DALE L. HINKLE and LINDA HINKLE demand judgment, jointly and severally, against all Defendants, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) for compensatory damages together with interest, attorneys' fees, cost of suit, and any other relief this Court deems just and proper.

Respectfully submitted,

ILAN WEXLER (#0005859)
ADAM L. SPERLING (#0062943)
Trial Counsel for Plaintiffs
Anzellotti, Sperling, Pazol
& Small Co., L.P.A.
21 N. Wickliffe Circle
Youngstown, Ohio 44515
Phone: (330) 792-6033
Fax: (330) 793-3384

## JURY DEMAND

Plaintiff hereby demands a trial by jury upon all issues raised in his Complaint.

ILAN WEXLER
ADAM L. SPERLING
Trial Counsel for Plaintiffs